IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES SPARKS, ) | |
| AIS #219274, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO. 2:14-cv-194-MEF-TFM |
| CHRISTOPHER GORDY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' ANSWER

1. The Defendants admit Plaintiff is an inmate within the custody of the Department of Corrections.

2. The Defendants admit Plaintiff's May 2013 request to be married was denied.

3. The Defendants deny the Plaintiff's request was denied was based on the race of him or his fiancée.

4. The Defendants deny they violated Plaintiff's constitutional rights.

5. The Defendants deny they violated Plaintiff's rights to equal protection.

6. The Defendants deny that other inmates similarly situated to Plaintiff were permitted to be married.

Defendants claim the following affirmative defenses:

1. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff is not entitled to any of the relief requested.

3. Defendants plead the defense of assumption of risk.

4. Defendants plead the defense of contributory negligence.

5. Defendants plead the defense of fraud.

6. Defendants plead the defense of laches.

7. The Plaintiff is not entitled to any relief under 42 U.S.C. §1983.

8. The Plaintiff has failed to exhaust the administrative grievance procedures as prescribed by the PLRA.

9. The allegations contained in the Plaintiff's Complaint against Defendants fail to comply with the heightened specificity requirement of Rule 8 in §1983 cases against a person sued in his individual capacities.  See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, Ala., 880 F. 2d 305, 309 (11th Cir. 1989).

10. Defendants plead all applicable immunities, including but not limited to qualified immunity, absolute immunity, sovereign immunity, discretionary function immunity, Eleventh Amendment immunity, and state agent immunity.

11. Defendants were at all times acting under the color of state law and therefore, they are entitled to qualified immunity.

12. Defendants plead the general defense.

13. To the extent any claims of the Plaintiff against Defendants are in their official capacity, those claims are barred by the Eleventh Amendment to the United States Constitution.

14. The Plaintiff is barred from suit by the PLRA, because he cannot show more than a *de minimus* injury. 42 U.S.C.A. § 1997e (e).

15. Defendants reserve the right to raise additional defenses.

                                  Respectfully Submitted,

                                  Luther Strange
                                  Attorney General

                              Anne A. Hill (ADA054)
                              General Counsel

                              /s/ Elizabeth A. Sees
                              Elizabeth A. Sees (SEE007)
                              Assistant Attorney General

**ADDRESS OF COUNSEL:**
**Alabama Department of Corrections**
**Legal Division**
**301 Ripley Street**
**Post Office Box 301501**
**Montgomery, AL  36130-1501**
**334-353-3857**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 27th day of May, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

James Sparks
AIS#219274
Staton Correctional Facility
P.O. Box 56
Elmore, AL 36025

                              /s/ Elizabeth A. Sees
                              Elizabeth A. Sees (SEE007)
                              Assistant Attorney General